UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Jarrett Dandanell<br><br>      Plaintiff,<br><br>v.<br><br>Revenue Management Consulting Group, LLC dba Pinnacle Asset Management<br><br>      Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Jarrett Dandanell, ("Jarrett"), is a natural person who resided in Grand Forks, North Dakota, at all times relevant to this action.

2. Defendant, Revenue Management Consulting Group, LLC dba Pinnacle Asset Management, ("PAM"), is a Georgia Limited Liability Company that maintained its principal place of business in Marietta, Georgia, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

5. PAM uses a predictive dialer system.

6. Before PAM began contacting Jarrett, it and Jarrett had no prior business relationship and Jarrett had never provided express consent to PAM to be contacted on his cellular telephone.

7. PAM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of PAM's revenue is debt collection.

9. PAM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, PAM contacted Jarrett to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Jarrett is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, PAM willingly and knowingly used an automatic telephone dialing system to call Jarrett on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around January 2014, PAM began contacting Jarrett on Jarrett's cellular phone in connection with the collection of the debt.

15. Around January 2014, Jarrett requested PAM cease further calls to Jarrett.

16. Despite this request, PAM contacted Jarrett on Jarrett's cellular phone in connection with the collection of the debt on more than one occasion.

17. Around March 2014, PAM contacted Jarrett's roommate, ("Roommate"), on Roommate's cellular phone in connection with the collection of the debt.

18. At the time of this communication, PAM already had Jarrett's location information.

19. PAM contacted Roommate on Roommate's cellular phone on more than one occasion.

20. On at least one occasion, PAM disclosed to Roommate that Jarrett owed the debt.

21. During one communication with Roommate, PAM threatened legal action against Jarrett.

22. PAM has not taken legal action against Jarrett.

23. PAM never intended to take legal action against Jarrett.

24. PAM caused Jarrett emotional distress.

25. PAM attempted to collect a debt from Jarrett.

26. PAM violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violations of the Telephone Consumer Protection Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

40. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By: /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: April 22, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com